## Weekly Abstract of
## PENDING CASES

### No. 97

TELL STOP APPLIANCE CO v. TELL STOP SIGNAL CO.

No. 19464.   Supreme Court

On motion to certify.   Dock. Dec. 9, 1925; 3 Abs. 763.

313. CORPORATIONS—Where the articles of incorporation of an Ohio corporation have been in fact duly cancelled under 5509 GC., and no reinstatement under 5511 GC. has ever been attempted or claimed, can it thereafter bring and maintain an action in any Ohio court in its alleged corporate capacity and name, and in violation of 5510 GC., which provides a penalty for such acts?

It is admitted that on July 20, 1921, the Signal Co. was incorporated in Ohio and in November 1921, while said Company was a de jure corporation the Appliance Co. became indebted to the Signal Co. On March 1, 1923, the articles of incorporation of the Signal Co. were cancelled by the Secretary of State under 5509 GC., for failure to report and pay its franchise tax, by virtue of which cancellation, all "powers, privileges and franchises ceased and determined."

On August 21, 1923, after said cancellation and without reinstatement, the Signal Co. filed suit in the Cleveland Municipal Court alleging that it was a duly organized and existing corporation under the laws of Ohio, and that a balance on an account was due and unpaid. The Appliance Co. in its answer denied the corporate existence of the Signal Co. and further alleged that it was ready, willing and able and had offered to and would deliver said goods and account to the proper party.

The Municipal Court dismissed the action on defendant's motion on the ground of lack of corporate capacity to sue, which judgment was reversed by the Cuyahoga Court of Appeals and ordered, that a special mandate be sent to said Municipal Court to carry the judgment to execution.

The Appliance Company, on motion to certify, claims:

1. That the Signal Company did not have capacity to sue.

2. That the admission of depositions, filed after the commencement of the trial, pursuant to a continuance by the court to enable depositions to be taken, was not error.

3. That the transcript and original papers were not filed in the Court of Appeals within the statutory period and therefore, it did not have jurisdiction.

4. The Court of Appeals did not have the right to remand this case because it thereby expressly authorized the Signal Company to do a thing forbidden by 5509 GC.

Attorneys—Waterworth & Waterworth for Appliance Co.; Jos. L. Stern for Signal Co.; all of Cleveland.